**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NANCY ALLISON MCCALL,**

    Petitioner,

vs.                                                  **Case No. 4:13cv619-MW/CAS**

**J.V. FLOURNOY, Warden,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

On November 6, 2013, Petitioner Nancy Allison McCall, proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, and a motion for jail credit, Doc. 2. Petitioner indicated she had been sentenced on May 24, 2011, by the Great Falls Federal Court in Great Falls, Montana, in case number 10-91-GF-SEH. Doc. 1 at 1. Petitioner is serving the sentence at the Federal Correctional Institution in Tallahassee, Florida. *Id.*

Petitioner did not, however, pay the required $5.00 filing fee or file a motion for leave to proceed in forma pauperis (IFP). Accordingly, by order dated November 19, 2013, this Court directed Petitioner to either pay the filing fee or submit the IFP motion on or before December 19, 2013. Doc. 4. The Court denied the motion for jail credit,

advising Petitioner that if she is entitled to such relief, it would be granted at the conclusion of the § 2241 proceeding. *Id.* The Court further advised Petitioner that review of the § 2241 petition would be deferred until the filing fee or IFP motion was submitted and that failure to respond to the order would result in a recommendation of dismissal of the action. *Id.*

Petitioner timely submitted an IFP motion. Doc. 5. The information Petitioner submitted, however, indicated she should have the funds to pay the $5.00 filing fee. *Id.* This Court, therefore, allowed Petitioner a final opportunity to pay the fee or submit a new IFP motion with an affidavit under penalty of perjury explaining her inability to pay the fee. Doc. 6. The Court also advised Petitioner that the failure to comply with the Court's order may result in dismissal without further notice. *Id.*

Petitioner did not file anything else. Accordingly, on February 18, 2014, a Report and Recommendation was entered recommending dismissal of the case for failure to comply with an order of the court. Doc. 7. Petitioner filed no objections. By order dated March 18, 2014, the District Court accepted and adopted the Report and Recommendation and directed that the Clerk close the case file. Doc. 9.

Petitioner has now submitted a motion requesting a reduction of her sentence pursuant to 18 U.S.C. 3742(e). Doc. 11. As mentioned above, this case file has been closed. Further, it is not clear from the heading of Petitioner's motion that she intended to file it in this Court as it indicates "United States District Court <u>Eleventh</u> District of Florida" and she styled it "United States of America v. Nancy Allison McCall." Doc. 11 (emphasis added). The provision McCall cites in her motion, 18 U.S.C. § 3742(e),

concerned appellate review and resentencing on remand.  See Pepper v. U.S., 131 S.Ct. 1229, 1244 (explaining its earlier decision in Booker: "To remedy the constitutional problem, we rendered the Guidelines effectively advisory by invalidating two provisions of the SRA [Sentencing Reform Act of 1984]: 18 U.S.C. § 3553(b)(1) (2000 ed., Supp. IV), which generally required sentencing courts to impose a sentence within the applicable Guidelines range, and § 3742(e) (2000 ed. and Supp. IV), which prescribed the standard of appellate review, including de novo review of Guidelines departures."). Moreover, the sentencing court – here, the Montana federal court – "may not modify a term of imprisonment once it has been imposed" except in very limited circumstances.  18 U.S.C. § 3582(c).  In any event, this Court is not the sentencing court.  See, e.g., Lazo v. United States, 4:13cv430-RH/CAS, ECF No. 9 (December 3, 2013, Order Denying Motion to Reduce Sentence in pending § 2241 and explaining in part: "A district court lacks authority to reduce a sentence after it has been imposed, with narrow exceptions not applicable here.  See 18 U.S.C. § 3582(c).  The Southern District judge who imposed this sentence thus lacks authority to reduce the sentence.  And even more clearly, a judge in the Northern District cannot reduce the sentence.").

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner McCall's motion requesting a reduction of her sentence (Doc. 11).

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2014.

                         S/  Charles A. Stampelos  
                         **CHARLES A. STAMPELOS**  
                         **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**